# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>ANTHONY ROBERT MOZINGO<br><br>*Defendant* | Case No. 2:25-mj-0069 JDP<br><br>**FILED** Apr 23, 2025<br>CLERK, U.S. DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA<br><br>**SEALED** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of **April 9 – April 10, 2025** in the county of **Sacramento** in the **Eastern** District of **California**, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §2422(b) | Attempted Enticement of a Minor |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/ Darryl Holcombe
*Complainant's signature*

Darryl Holcombe, Task Force Officer
*Printed name and title*

Sworn to me and signed via telephone.

Date: April 23, 2025

*Judge's signature*

City and state: Sacramento, California

Jeremy D. Peterson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Darryl J. Holcombe, a Task Force Officer with Homeland Security Investigations do swear and affirm as follows:

### INTRODUCTION AND AGENT EXPERIENCE

1. This affidavit is made in support of a Criminal Complaint and Arrest Warrant charging Anthony Robert MOZINGO (MOZINGO) with one count of Attempted Child Enticement, in violation of 18 U.S.C. § 2422(b).  The statements contained in this affidavit are based on my experience and training as a Senior Inspector with the Contra Costa County District Attorney's Office and Task Force Officer with Homeland Security Investigations, information I have gathered in my investigation, my personal observations, and the information provided to me by other law enforcement officers.  I believe these sources to be reliable.  Because this affidavit is being submitted for the limited purpose of this criminal complaint and securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause that between on or about April 9, 2025, through on or about April 10, 2025, in the Eastern District of California, MOZINGO violated 18 U.S.C. § 2422(b).  Further, my understanding of the significance of certain events and facts may change as the investigation progresses.

2. I am a Senior Inspector with the Contra Costa County District Attorney's Office, assigned to the Sexual Assault Unit.  I have been assigned to the Sexual Assault Unit since approximately 2015.  I also serve as a Task Force Officer with the United States Department of Homeland Security, Homeland Security Investigations.  I have been employed with the Contra Costa County District Attorney's Office since November 2011.  Prior to that, I was a police officer with the City of Concord for eleven years.  I attended a basic police academy in 1999 at the Los Medanos Police Academy.

HOLCOMBE AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]

3.      I am also currently assigned to the Internet Crimes against Children Task Force. I monitor peer-to-peer and file sharing programs and investigate individuals downloading and sharing child pornography and committing other sexual crimes against children. I have participated in over 300 such investigations. Through my work in these investigations, as well as my discussions with other experienced agents, I have experience in estimating the approximate ages of individuals (including those under the age of 18) depicted in photographs and videos. I have received advanced training in computer crimes and peer-to-peer file sharing programs. I have also received training in child pornography and child exploitation offenses, and through both this training and my prior work, have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256). I have personally participated in the execution of numerous search warrants, including the search, seizure, and analysis of data stored within a computer and other electronic media. I have received various training in investigating and enforcing federal child pornography and exploitation laws in which computers are used as the means for receiving, transmitting, distributing, storing, and possessing images of minors engaged in sexually explicit conduct. As a Senior Inspector with the District Attorney's Office, I have also participated in criminal investigations relating to identity theft, counterfeit identification, counterfeit currency, counterfeit checks, bank fraud, wire fraud, access device fraud, and electronic crimes involving computers.

4.      As a state law enforcement agent, I am authorized to investigate violations of state law and to execute warrants issued under the authority of the State of California. I am also cross designated as a federal officer with Homeland Security Investigations. I am authorized to make probable cause arrests without a warrant for violations of United States law. I am authorized to serve search and arrest warrants issued under the authority of the United States. Therefore, I am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and I am empowered by law to conduct investigations, to

execute search warrants, and to make arrests for offenses of Federal law, including for child pornography offenses.

## APPLICABLE LAW

5.  18 U.S.C. § 2422(b) makes it illegal for any person to use a means and facility of interstate and foreign commerce to knowingly attempt to persuade, induce, entice or coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense.

## FACTS IN SUPPORT OF PROBABLE CAUSE

### A. Undercover Investigation

6.  On or about April 9, 2025, a detective from the Contra Costa County Sheriff's Office was participating in an undercover investigation with the Internet Crimes Against Children Task Force. The undercover officer was posing as "Emily," a 13-year-old girl. The undercover profile was created and posted on a popular internet-based dating application, Tinder. The profile for "Emily" stated that she was 18, as was required by the dating application.

7.  On April 9, 2025, Tinder user "Anthony 29" contacted the undercover officer. "Anthony 29" was later identified as Anthony Robert MOZINGO, a resident of Elk Grove, California. The undercover officer provided MOZINGO with a cell phone number to continue the conversation. MOZINGO texted the undercover officer using a phone number ending in 1883. MOZINGO and the undercover officer then engaged in an extended text message conversation on the phone.

8.  MOZINGO asked the undercover how old she was. The undercover officer answered that she was 13, to which MOZINGO responded, "Your hot for 13." [1]

---

[1] Spelling errors in original
HOLCOMBE AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]

3

9. After being told that the person with whom he was communicating was 13 years-old, MOZINGO began discussing the sexual acts that he intended to commit on her. MOZINGO made the following statements to the undercover officer:

   a. You going be all daddy's my my baby girl for ever and I'm going to have you cumin over and over again eating your pussy and ass like groceries and give you my big white cock and have you go crazy for me every time you see me you want me bad

   b. I'm going to teach you how to suck my dick and deep throat teach you how to ride on it and talk dirty to me and teach you when you bad daddy got to take your panties down and spank you and who you who is in charge I want to choke you while I'm pounding your tight pussy and ass

10. MOZINGO told the undercover officer that he had previously had sex with a 15-year-old. He also sent her three images of himself, including two with his penis visible. One of these two images also showed his face. He further asked the undercover officer to send him photos of herself after learning she was only 13-years old. For instance, MOZINGO texted:

   a. Can you send Daddy some sexy pics when you get a chance daddy really really horny

   b. I want you to soak in [your panties] and send me a video of you playing and dancing in them I want them to smell like you strong [. . .]

11. MOZINGO asked the undercover officer, "Would I be able to videotape us having fun."

12. MOZINGO made additional statements indicating that he was aware of the age of "Emily." He discussed meeting with her after school. In addition, MOZINGO sent the following text messages:

   a. Who do you live with baby girl your mom or your dad or both

HOLCOMBE AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]

4

      b.  Ok baby girl yeah we probably should keep our relationship a secret though at least though at least until you're 18

13.    On April 10, 2025, MOZINGO sent a text message to the undercover officer to meet with her. He explained that he would have to travel from Sacramento, California, within the Eastern District of California, to meet her in Brentwood, California.

**B.  MOZINGO's Arrest and Inculpatory Statements**

14.    That same afternoon, on April 10, 2025, MOZINGO arrived at the pre-coordinated meeting location where he was arrested for violations of California criminal law. A smartphone was seized from his person, incident to his arrest.

15.    MOZINGO was transported to the Brentwood Police Department where he was *Mirandized* and interviewed. MOZINGO admitted that he had been planning to have sex with "Emily" and that he believed her to be underage. He admitted that he had asked "Emily" if he could record them having sex and that it had been his intent to record the sexual activity.

16.    MOZINGO acknowledged that he resided in Elk Grove, California.

17.    California Penal Code section 288(a) criminalizes the commission of a lewd or lascivious act upon the body or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child. California Penal Code section 287(c)(1) criminalizes oral copulation with a minor.

**C.  Search of MOZINGO's phone**

18.    MOZINGO'S phone was transported to a temporary staging location in Brentwood. On or about April 10, 2025, the Honorable Frank J. Riebli, Superior Court Judge for Contra Costa County, issued a search warrant for MOZINGO's phone. The search warrant authorized law enforcement to search the phone for, among other data, child pornography.

HOLCOMBE AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]

19. United States Secret Service forensic examiner Windell Zheng downloaded the contents of MOZINGO'S phone.

20. I did a limited initial review of the data from the phone. I observed the text message exchange MOZINGO had with the undercover officer.

21. I also noted Telegram was downloaded to the phone. Telegram allows users to create accounts and exchange text messages, images and videos with each other.

22. Within the Telegram application, I observed the following video which depicts a minor engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(a). This video was distributed within the Telegram application to another user on or about February 4, 2025.

> File Name: 1_4979226186925212615.mp4
>
> Description: This video is 31 seconds long and depicts a pre-pubescent girl preforming oral sex on an adult male. The minor's face is visible to the camera.

## CONCLUSION

23. Based on the aforementioned facts and information, there is probable cause to believe that between on or about April 9, 2025, and on or about April 10, 2025, in the Eastern District of California, MOZINGO knowingly attempted to entice an individual who had not yet attained the age of 18 years to engage in sexual activity, for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

24. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this complaint until the defendant is arrested and taken into federal custody. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on law enforcement officers ability to safely effectuate an arrest.

//

//

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/s/ Darryl J. Holcombe
DARRYL J. HOLCOMBE
Task Force Officer, Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P 4.1 on this ___23rd__ day of APRIL 2025

HON JEREMY D. PETERSON
United States Magistrate Judge
Eastern District of California

/s/ JESSICA DELANEY
Approved as to form by AUSA JESSICA DELANEY

HOLCOMBE AFF. IN SUPPORT OF CRIMINAL COMPL.
[UNDER SEAL]

7

<u>**United States v.  Anthony Robert Mozingo**</u>
**Penalties for Criminal Complaint**

### **COUNT 1:**

| | |
|---|---|
| VIOLATION: | 18 U.S.C. § 2422(b) - Attempted Coercion and Enticement; |
| PENALTIES: | Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or |
| | Fine of up to $250,000; or both fine and imprisonment |
| | Supervised release of at least 5 years up to life |

SPECIAL ASSESSMENT: $100 (18 U.S.C. § 3013); and
$5,000 (18 U.S.C. § 3014)